IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

IN THE MATTER OF PARTITIONING
THE PROPERTY OF SKYE DONALD
DAYTON THOMPSON AND ROMY
LYNN THOMPSON

SKYE DONALD DAYTON THOMPSON                                    PLAINTIFF

V.                                                    NO. 3:21-CV-121-DMB-JMV

ROMY LYNN THOMPSON                                             DEFENDANT

OPINION AND ORDER

　　Sheldon Thompson and Marie-Merced Thompson have moved to dismiss or strike Romy Thompson's third-party complaint against them. Because Romy's third-party claims are not dependent on the outcome of Skye Thompson's claims against Romy, the third-party claims will be stricken.

I
Procedural History

　　On April 23, 2021, Skye Donald Dayton Thompson filed a "Petition to Partition Land" in the Chancery Court of Lafayette County, Mississippi, naming Romy Lynn Thompson as the respondent. Doc. #2. The petition seeks an order allowing a property in Oxford, Mississippi ("Property") in which Skye and Romy each have "an undivided 1/2 interest" "to be split into two (2) parcels and assigned by the Court to each owner" and requiring Romy to reimburse Skye for "one-half (1/2) of the monthly mortgage payments paid, beginning in September 2019 through December 2020, on the subject property [and] … for one-half (1/2) of the rent proceeds collected since August 2019." *Id.* at PageID 9, 12. Romy removed the case to the United States District Court for the Northern District of Mississippi on June 14, 2021, alleging diversity jurisdiction.

Doc. #1.

Two weeks after removal, Romy filed her "Answer, Defenses, Counterclaims, and Third

Party Demand." Doc. #7. In her counterclaims against Skye, Romy seeks repayment of half of a

$29,000 loan made to pay back taxes on the Property; reimbursement for half of electric and water

bills she paid for the Property as well as "other necessary expenses for properties jointly owned"

with Skye; an "accounting for all properties in which she has an ownership interest;" and a

declaratory judgment that the Property "may not be partitioned unless and until the Declaration of

Condominium is terminated." *Id.* at 3–5. Romy also asserts breach of fiduciary duty third-party

claims against and seeks an accounting from third-party defendants Sheldon Thompson and Marie-

Merced Thompson ("Third Party Defendants") regarding their management of properties owned

by her and Skye. *Id.* at 5–8.

On August 11, 2021, the Third Party Defendants moved to "dismiss and/or strike [Romy's]

Third-Party Complaint" "pursuant to Rules 12(b)(6) and 14(a)(1) of the Federal Rules of Civil

Procedure." Doc. #22. A week later, Skye joined the motion.[1] Doc. #24. The motion is fully

briefed. Docs. #23, #50, #55.[2]

Because the "notice of removal, counterclaims, and third-party claims allege[d] only the

residence of each of the parties and not their *citizenship*," the Court ordered Romy on January 7,

2022, to show cause why this case should not be remanded for lack of diversity jurisdiction. Doc.

#52. In response, Romy timely filed an amended notice of removal, Doc. #53; her "First Amended

---

[1] Skye "agrees that the third-party action is improper in that it fails to satisfy the requirements of F.R.C.P. 14. Further, adding the proposed broad and extensive claims against nonparties will serve to complicate and delay the prompt and efficient resolution of the Plaintiff's straightforward and relatively simple partition action." Doc. #24 at 1.

[2] Because Romy's initial response did not comply with the Local Rules, it was stricken and she was allowed to refile it, which she did. *See* Docs. #51, #54.

Counterclaims and Third Party Demand," Doc. #56; and a response to the show cause order, Doc. #57, clarifying that the parties are indeed citizens of different states. In her amended pleading, Romy asserts the same counterclaims against Skye and the same third-party claims against the Third Party Defendants as in her initial pleading. *Compare* Doc. #7 *with* Doc. #56. Skye filed a response to Romy's amended counterclaims. Doc. #58. The Third Party Defendants filed a response to Romy's amended third-party demand. Doc. #59.

## II
## Relevant Standard

Under Federal Rule of Civil Procedure 14(a),[3] a defendant may implead, or bring into the action,[4] "a nonparty who is or may be liable to it for all or part of the claim against it."

> Impleader is *not* permitted because a third party may be liable to the original defendant for some other, independent reason. In other words, it is not enough that the impleaded claims arise from the same facts and events as the original claim; rather, for the impleaded claim to be proper, the potential liability of the third-party defendant must be contingent upon the outcome of the original claim.

*Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015) (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967)). "Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

## III
## Analysis

As an initial matter, because Romy filed an amended third-party complaint, the Court must determine whether the motion to dismiss and/or strike the original third-party complaint is moot. Because generally "an amended complaint supersedes the original complaint," "the filing of an

---

[3] Though the Third Party Defendants' motion also seeks relief under Federal Rule of Civil Procedure 12(b)(6), the Rule 12(b)(6) standard need not be considered because the outcome of the Third Party Defendants' motion is ultimately decided under Rule 14(a).

[4] *Implead*, Black's Law Dictionary (11th ed. 2019).

amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint on its face fails to address the alleged defects identified in the motion to dismiss." *Sutton v. Allstate Ins. Co.*, No. 4:19-CV-74, 2020 WL 896748, at *1 (N.D. Miss. Feb. 24, 2020) (collecting cases). Here, because Romy's amended third-party complaint contains the same claims against the Third Party Defendants and only corrects the jurisdictional allegations of the original third-party complaint, it does not "on its face" address the arguments raised by the Third Party Defendants in their motion.

The Third Party Defendants argue Romy's claims against them should be dismissed and/or stricken because "[t]he original claim in this case concerns solely the division or partition of Skye and Romy's jointly owned Oxford condominiums [and Romy's] third-party claim … based upon [their] alleged breach of management duties [is] completely independent of Skye's action to partition land." Doc. #23 at 4. In response, Romy argues that "should this Court find that partition is appropriate and, after a complete accounting of the [the Property], award Skye the monetary relief he has requested, Romy has an indemnity and contribution claim against [the third-party defendants] as to her potential liability."[5] Doc. #55 at 7–8. Romy also argues that because the Third Party Defendants "comingled income derived from [the Property] with income derived from the other Romy Skye Properties," "no accounting of [the Property] can be complete without reaching back prior to 2019 and including the other Romy Skye Properties." *Id.* at 8.

Such arguments by Romy fail because her third-party complaint does not contain an indemnity claim but rather breach of fiduciary duty and accounting claims. *See* Doc. #56 at 6–8.

---

[5] Romy argues that this is not a proper partition action and "should be dismissed with [her] having no liability whatsoever." Doc. #55 at 5. However, because Romy did not file a separate motion to dismiss, these arguments are not properly before the Court and will not be considered. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

And through her counterclaim, it is Romy who seeks an accounting, not Skye. *See id.* at 4.

To be a proper claim under Rule 14, the liability of third-party defendants "must be contingent upon the outcome of the original claim." *Mitchell*, 614 F. App'x at 140. Here, in seeking to partition the Property and be reimbursed for mortgage payments and rents, Skye alleges in his petition against Romy that the Property was deeded to him and Romy "as tenants-in-common … on July 23, 2004;" since August 2019, Romy "has refused to communicate with [him] regarding" the Property and because of the lack of communication, he "has been unable to pay for any expenses;" and Romy "has taken *all* rental proceeds for her own use since September 2019" and "refused to contribute her obligated half of the mortgage payment" from September 2019 to December 2020. Doc. #4 at PageID 10–11. Against the Third Party Defendants, Romy alleges in both her original and amended third-party complaints that they breached their fiduciary duty to her by mismanaging multiple properties owned by her and Skye, including the Property, and asserts that she is entitled to restitution for diminution in value of the various properties, money taken from the business bank account, and money she paid out of pocket for the properties, along with an accounting of "all properties in which she has an ownership interest." Doc. #7 at 6–8; Doc. #56 at 6–8.

However, Romy's claims against the Third Party Defendants arising from their alleged property mismanagement do not turn on the outcome of Skye's petition against Romy to partition the Property and recover from Romy funds related to the Property. If Skye is successful in his claims against Romy, the Property will be divided equally between them and Romy will be ordered to reimburse Skye for one-half of the mortgage payments Skye made on the Property and to pay Skye one-half of the rental payments Romy collected on the Property but purportedly did not share with Skye. Put differently, the Third Party Defendants are potentially liable to Romy for their

conduct *regardless* of Romy's liability to Skye regarding the Property. Thus, the Third Party Defendants' liability to Romy on the third-party claims is not dependent on the outcome of the litigation in the original action between Romy and Skye as required for proper impleader. *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 806 (6th Cir. 2008); *see Hassan v. La. Dep't of Transp. & Dev.*, 190 F.3d 538 (5th Cir. 1999) (impleader improper where the defendant alleged the third-party defendant performed the construction work which was the subject of the plaintiff's claims because the liability of the third-party defendant to the defendant was "not dependent upon the outcome of the main claim") (quoting *Joe Grasso*, 380 F.2d at 752). Accordingly, the Third Party Defendants are not proper parties under Rule 14 and the claims against them will be stricken.[6] *See Mitchell*, 614 F. App'x at 140; *see also Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 316 F.R.D. 179, 184–86 (E.D. La. 2016) (striking third party complaint as improper under Rule 14(a) "[b]ecause an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim") (cleaned up).

IV
**Conclusion**

Sheldon and Marie-Merced's "Motion to Dismiss and/or Strike Romy Thompson's Third-Party Complaint" [22] is **GRANTED**. Romy's third-party complaint against them is **STRICKEN**.

**SO ORDERED**, this 16th day of February, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court concludes that the Third Party Defendants are not properly joined, the Court declines to address their additional argument that Romy failed to state a claim against them. *See VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 675–76 (N.D. Tex. 2020) (where third-party claims were "independent instead of derivative" such that they were improper under Rule 14, "the Court need not reach [third-party defendants'] Rule 12(b)(6) arguments").